AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

JUL 05 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY ___CR___ DEPUTY

| United States District Court | District: Western, Austin Division |
|---|---|
| Name (under which you were convicted): Guadalupe Padilla | Docket or Case No.: 1:23CV00776 RP |
| Place of Confinement: T.L. Roach Unit Texas Department Criminal Justice (T.D.C.J.) | Prisoner No.: # 01088118 |
| Petitioner (include the name under which you were convicted) Guadalupe Padilla | Respondent (authorized person having custody of petitioner) v. Bobby Lumpkin, Director, T.D.C.J. |
| The Attorney General of the State of: Texas | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   167th District Court
   P.O. Box 679003
   Austin, TX 78767-9003

   (b) Criminal docket or case number (if you know): 952802 (D-1-DC-95-952802-K)

2. (a) Date of the judgment of conviction (if you know): February 02, 2002

   (b) Date of sentencing: February 02, 2002

3. Length of sentence: 37-years

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Agg. Sexual Assault
   Indecency w/ Child

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty       ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty           ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  _N/A_

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: _Court of Appeals, Third Judicial District of Texas_
(b) Docket or case number (if you know): _03-02-00345-CR_
(c) Result: _Affirmed_
(d) Date of result (if you know): _June 19, 2003_
(e) Citation to the case (if you know): _2003 LEXIS 5088, 2003 WL 21401256_
(f) Grounds raised: _Speedy Trial Claim_
_Right to Counsel / Substition of Counsel_

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: _Texas Court of Criminal Appeals_
(2) Docket or case number (if you know): _WR-61,391-01_
(3) Result: _P.D.R. - Refused_

AO 241 (Rev. 09/17)

(4) Date of result (if you know): *December 17, 2003*

(5) Citation to the case (if you know): *No. PD-1155-03 (2003 Tex.Crim.App. LEXIS 1019)*

(6) Grounds raised: *Speedy Trial Claim*
*Right to Counsel / Substition of Counsel*

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): *No. 03-10418*

(2) Result: *Denied - October 4, 2004*

(3) Date of result (if you know): *October 4, 2004*

(4) Citation to the case (if you know): *2004 U.S. LEXIS 5857*

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *161th District Court*

(2) Docket or case number (if you know): *952802 (D-1-DC-95-952802-A+B)*

(3) Date of filing (if you know): *June 25, 2005*

(4) Nature of the proceeding: *Application for Writ of Habeas Corpus*

(5) Grounds raised: *Ineffective Assistance of Counsel*
*Speedy Trial Claim*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☒ No

(7) Result: *Refused-Denied Without Written Order*

Page 4 of 16

AO 241 (Rev. 09/17)

      (8) Date of result (if you know): March 09, 2006

  (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: 167th District Court

      (2) Docket or case number (if you know): 

      (3) Date of filing (if you know): Unknown

      (4) Nature of the proceeding: State Habeas Corpus Application

      (5) Grounds raised: Unknown - Record Lost - Not in LEXIS/NEXIS database.

\* Note: Now that inmates in TDCJ have access to the LEXIS/NEXIS database, I can provide a more detailed procedural history below. Due to lost records, I did not have the information for previous §2254 petitions.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☒ No

      (7) Result: Dismissed - I believe

      (8) Date of result (if you know):

  (c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: 167th District Court

      (2) Docket or case number (if you know): 952802-D (D-1-DC-95-952802)

      (3) Date of filing (if you know): January 09, 2007

      (4) Nature of the proceeding: Motion for Appointment of Counsel for DNA testing.

      (5) Grounds raised: Reasonable grounds exist such as, evidence exists, identity was and is an issue, DNA testing could prove my innocence...

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         ☒ Yes     ☐ No

      (7) Result: _DNA Testing Inconclusive - NOT FAVORABLE_

      (8) Date of result (if you know): _December 07, 2007_

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:    ☒ Yes     ☐ No
      (2) Second petition: ☒ Yes     ☐ No
      (3) Third petition:   ☐ Yes     ☐ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: _DUE PROCESS VIOLATION - involving unreliable DNA test results from trial - re-analysis using newer scientific technique - testing of DNA Mixtures._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. State did serve Brady Notice on Petitioner related to: A. unreliable DNA test results from trial; B. newer scientific testing technique for DNA Mixtures; including post-conviction;
2. Re-analysis of DNA Mixture took place outside statutory and judicial forum
3. The evidence generated from re-analysis was not admissible -
4. Evidence of fraudulent testimony of expert based on unreliable DNA test results
5. Evidence handling issues of Austin Police Dept.-Crime Lab affected reliability of evidence

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

  (2) If you did not raise this issue in your direct appeal, explain why: Post-conviction appeal provided under post-conviction DNA testing statute - NOT ON DIRECT APPEAL OF CONVICTION.   (see (d)(4-7) below)

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes   ☐ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: Motion for DNA Testing

  Name and location of the court where the motion or petition was filed: 167th District Court Travis County, Texas

  Docket or case number (if you know): D-1-DC-95-952802-~~[redacted]~~

  Date of the court's decision: April 29, 2019

  Result (attach a copy of the court's opinion or order, if available): Not Available

  (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

  (4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: Third Court of Appeals of Texas Austin, Texas

  Docket or case number (if you know): No. 03-19-00388-CR

  Date of the court's decision: January 14, 2021

  Result (attach a copy of the court's opinion or order, if available): Not Available (2021 Tex. App. LEXIS 281 / WL - 2021 WL 126779

  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
  /

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: State Habeas Corpus - Raising Brady Claim; Discovery Claim; Ineffective Assistance of Counsel; Issue of Admissibility of DNA Evidence Generated By Proprietary Forensic Statistical Tool.

**GROUND TWO:**

Unreasonable Determination of The Facts

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1. The trial court did not hold evidentiary hearing on habeas corpus application;
2. Petitioner alleged facts, with supporting evidence from outside trial record, which if true would have entitled Petitioner to relief;
3. The State did not Answer application - thus deemed denied;
4. State trial court did not make findings within statutory limitations period;
5. District Clerk forwarded application to Court Criminal Appeals - by operation of law;
6. Texas Court Criminal Appeals dismissed habeas corpus application
7. In the history of this case, the Courts have never held an evidentiary hearing;

(b) If you did not exhaust your state remedies on Ground Two, explain why:

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: State habeas corpus application based on post-conviction DNA testing statute/proceedings

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:   on Courts Initiative
Type of motion or petition: Motion For Remand and Motion For Reconsideration
Name and location of the court where the motion or petition was filed: 167th District Court, Travis County, Texas

Docket or case number (if you know): D-1-DC-95-952802-(K)

AO 241 (Rev. 09/17)

Date of the court's decision: _Motion For Remand Denied on 4-10-2023_

Result (attach a copy of the court's opinion or order, if available): _Not Available_

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _Motion For Reconsideration on Courts own initiative in relation to State Habeas Corpus Application (D-1-DC-95-952802-K), was not ruled on or no service of the Courts decision was provided to Petitioner. Submitted: 4-28-2023._

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

 If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____N/A_____

 (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

 _Yes - Ground #2 - Unreasonable Determination of the Facts in State Habeas Corpus Proceedings_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☒ Yes   ☐ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _1.) 1st Appeal - Direct Appeal - Padilla v. State, 2003 Tex. App. LEXIS 5088 - (Grounds: Speedy Trial; Right to Counsel; Affirmed 6-19-2003; Petition refused December 17, 2003);_
_2). Motion for DNA Testing, Padilla v State, 2013 Tex App LEXIS 7481 Affirmed 6-20-2013, Petition Refused January 15, 2014_

_Note: These are the primary issues and the resulting appeals. There have been several motions for DNA testing and State habeas corpus._

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____N/A_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Lodis Slovik - 12203 Topper Lane, Manchaca, TX 78652

(b) At arraignment and plea: Lodis Slovik (same as above)

(c) At trial: Larry Sauer - 1004 West Ave. Austin, TX 78701-2019

(d) At sentencing: Larry Sauer (same as above)

(e) On appeal: Ariel Payan - 611 W. 15th Street Austin, TX 78701

(f) In any post-conviction proceeding: Paul Evans, 811 Nueces St. Austin, TX 78701

(g) On appeal from any ruling against you in a post-conviction proceeding: Stacie Lieberman, 910 Lavaca St., Austin, TX 78701 ~~Atmo~~ [Capitol Area Private Defender Service (CAPDS) (non-appointed counsel - involved with D.A. in reanalysis of DNA Mixtures]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: ___

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner contends this habeas corpus petition is not successive because under Article 64.05 Tex. Code Criminal Procedure, the conclusion of the statutory direct appeal process constitutes factual predicate or new legal basis exception

Under 28 U.S.C. § 2244 (d)(1) - a 1-year period of limitation shall

Page 14 of 16

AO 241 (Rev. 09/17)

to an application for a writ of habeas corpus by a person in custody pursuant to a judgement of a State Court. The limitation period shall run from the latest of — the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this instance, Petitioner's post-conviction motion for DNA testing under Chapter 64 Tex. Code Crim. Proc. was affirmed by the Third Court of Appeals on January 14, 2021 (No. 03-19-00388-CR)-(In re Padilla, 2021 Tex. App. LEXIS 287); Petition for Discretionary Review was Refused on July 28, 2021 (No. PD-0270-21)-(In re Padilla, 2021 Tex. Crim. App. LEXIS 714); U.S. Supreme Court, Certiorari; denied on January 10, 2022 (No. 21-6262)-(Padilla v. Texas, 2022 U.S. LEXIS 46).

Petitioner submitted his State H.C. application on November 26, 2022, via U.S. Mail (assigned writ No. D-1-DC-95-952802-K). The Texas Court of Criminal Appeals "dismissed" writ, on April 12, 2023, without written order, as a subsequent writ. (Petitioner's Motion For Remand to TX.C.C.A. was denied on March 29, 2023), Petitioner's Motion For Reconsideration on Court's Own Initiative was submitted via U.S. Mail on April 28, 2023. The C.C.A. has not answered said Motion as of this date.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *That Petition be ruled as timely submitted based on factual predicate date and that Petition be Remanded to trial court for findings of fact and evidentiary hearing.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *June 29, 2023* (month, date, year).

Executed (signed) on *June 29, 2023* (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Page 16 of 16