IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUADALUPE PADILLA, | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | A-23-CV-776-RP |
| | § | |
| BOBBY LUMPKIN, | § | |
|     RESPONDENT. | § | |

## ORDER

Before the Court is Petitioner Guadalupe Padilla's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1). For the reasons set forth below, the Court dismisses and denies Petitioner's petition for writ of habeas corpus.

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

The Director has custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas. Petitioner was sentenced to 37 years' confinement for aggravated sexual assault of a child and 15 years' confinement for indecency with a child.

The claims raised by Petitioner in his newest habeas corpus petition are not entirely clear. He appears to challenge his conviction, the state court's most recent decision regarding Petitioner's request for additional DNA testing, and Petitioner's related state habeas corpus application.

## DISCUSSION AND ANALYSIS

### A. Successive

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals

for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). A district court lacks jurisdiction to consider a successive § 2254 without the appropriate authorization from the Fifth Circuit. "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, an application is successive when it raises a claim that was "ripe" at the time the applicant filed his prior application or when the application otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 220–22 (5th Cir. 2009); *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

Petitioner has filed many direct and collateral attacks of his conviction in federal court. In particular, Petitioner challenged his conviction in Cause No. 1:06-CV-033-SS, the denial of parole in 2015 in Cause No. 1:16-CV-975-SS, the denial of a second post-conviction DNA test in Cause No. 1:17-CV-1042-SS, the denial of parole in 2018 in Cause No. 1:19-CV-769-LY, and the denial of parole in 2021 and his original conviction in Cause No. 1:22-CV-779-RP.

As explained previously to Petitioner, to the extent he challenges his holding convictions his petition is successive. To the extent Petitioner challenges the state court's denial of his motion for additional post-conviction DNA testing and the state court's handling of his state application for habeas corpus relief Petitioner's claims are not cognizable on habeas corpus review. Petitioner was previously informed if he wished to challenge the denial of due process with respect to his post-conviction requests for DNA testing, he may raise such a challenge in a § 1983 action. *See Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011).

Petitioner was also previously informed that courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th

Cir. 1999) (holding that habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) ("errors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court"); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## CONCLUSION

To the extent Petitioner challenges his convictions, his application is successive. The remainder of Petitioner's claims are not cognizable on habeas corpus review.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the rules governing 2254 cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

It is therefore **ORDERED** that the Petition for Writ of Habeas Corpus, filed by Petitioner Guadalupe Padilla is **DISMISSED IN PART AND DENIED IN PART**. The Court dismisses without prejudice for want of jurisdiction Petitioner's petition to the extent he challenges his convictions and denies the remainder.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on July 20, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE